FILED
October 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003841163

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Susan K. Smith,
in her capacity as trustee for the
related estate of Thomas A. Pishos

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

**BONNIE BREKKE PISHOS,**

Debtor.

Case No. 11-40062-B-7
Chapter 7

DCN: DNL-2

Date: November 22, 2011
Time: 9:32 a.m.
Place: Courtroom 32, Dept. B
501 I Street, 7th Floor
Sacramento, CA 95814

### MOTION FOR EXCUSE FROM TURNOVER

SUSAN K. SMITH ("Thomas Trustee"), in her capacity as trustee for the related bankruptcy estate of THOMAS A. PISHOS ("Thomas Pishos"), hereby moves for an order: (a) excusing KEVIN SMITH ("Receiver") from compliance with subsections (a), (b), and (c) of 11 U.S.C. Section 543; and (b) vacating the automatic stay provisions of 11 U.S.C. Section 362 so as to allow Receiver to proceed with all rights and remedies against the real property commonly known as 7756 Arcari Trail, Grayling, Michigan 49738 ("Hunting Lodge"), including but not limited to taking possession of the

1

Hunting Lodge, collecting rents there from, and permitting Receiver to foreclose under applicable non-bankruptcy law. In support thereof, it is represented that:

1.  Thomas Pishos' parent bankruptcy case, #06-21891-A-7, was commenced by the filing of a voluntary Chapter 7 petition on June 2, 2006.

2.  Thomas Trustee is the duly appointed successor trustee for Thomas Pishos' bankruptcy estate.

3.  Adversary Proceeding #08-02023-A is an adversary proceeding in which BONNIE PISHOS ("Bonnie Pishos") is the sole remaining defendant on Thomas Trustee's claims for turnover, avoidance of preferences and avoidance of fraudulent transfers. In that adversary proceeding, Thomas Trustee seeks to set aside a marital property settlement and related transfers of property, including notes secured by a junior mortgage against the Hunting Lodge.

4.  On March 20, 2008, Judge McManus authorized the issuance of a writ of attachment that was perfected by the United States Marshals Office, Eastern District of Michigan, Detroit Division, against the subject property pursuant to California Civil Code Section 3439.01(a)(2).

5.  On March 10, 2009, Judge McManus appointed Receiver as receiver to take charge of the notes. In a related adversary proceeding, the Receiver obtained a money judgment against the guarantor of the notes. The Receiver, who is a Michigan bankruptcy attorney, has advised that he has recovered about $23,000 and that the balance due on the notes is about $384,000.

6.  The Receiver has also advised that: (a) the senior lender has commenced foreclosure proceedings against the Hunting Lodge; and (b) in order to protect the notes, foreclosure proceedings should be commenced on the junior mortgage as soon as possible.

7.  On Wednesday, August 17, 2011, Bonnie Pishos filed a voluntary Chapter 7 petition of her own, commencing the above-captioned case. The schedules disclose 7 creditors owed a total

2

of about $904,000, of which $748,000 is owed to Thomas Trustee. The schedules list no interest in the notes, but do list and claim exempt the approximate $23,000 note proceeds held by the Receiver. The petition estimates that, after any exempt property is excluded and administrative expenses are paid, there will be no funds available for distribution to creditors.

       8.     IRMA EDMONDS ("Bonnie Trustee") is the duly appointed Chapter 7 trustee for Bonnie Pishos' bankruptcy estate.

       9.     11 U.S.C. Section 543(d) provides that after notice and a hearing, this Court may excuse the Receiver if the interests of the creditors would be better served by permitting the Receiver to continue in possession, custody, or control of the notes. Judge McManus appointed the Receiver to protect Thomas Trustee's substantial interest in the notes, the subject of a long-pending fraudulent transfer adversary proceeding. Thomas Trustee's $748,000 claim is secured by a writ of attachment against notes with a current balance due of about $384,000, subject to outstanding professional fees and expenses of the receivership. As a Michigan bankruptcy attorney, the Receiver has the expertise, contacts and proximity to expediently and cost-effectively protect the interests of all creditors. Otherwise, it is likely that time will be lost and expense will be duplicated.

       9.     11 U.S.C. Section 362(d) authorizes this court to grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest. The notes are secured by a junior mortgage that is in danger of being wiped out by the senior lender. Cause exists to modify the automatic stay, including subdivisions (a)(1) and (a)(3) of 11 U.S.C. Section 362, so that the Receiver can proceed with all rights and remedies against the Hunting Lodge, including taking possession of the Hunting Lodge, collecting rents there from, and permitting Receiver to foreclose under applicable non-bankruptcy law.

WHEREFORE, Thomas Trustee prays for the entry of an order consistent with the foregoing and further relief as is necessary and proper.

Dated: October 19, 2011   **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
**J. RUSSELL CUNNINGHAM**
Attorneys for Susan K. Smith, in her capacity as trustee for the estate of Thomas A. Pishos

4